UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

MARISOL PEREZ-LEON,
BOP Inmate No. 39026-177,
    Petitioner,

vs.                                                 Case No.:  4:21cv142/TKW/EMT

WARDEN STRONG,
    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner Marisol Perez-Leon (Perez-Leon), proceeding pro se, commenced this case on March 13, 2021, by filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 (ECF No. 1). Respondent Warden Strong filed a response and supporting materials (ECF No. 9). The court provided Perez-Leon an opportunity to file a reply (*see* ECF No. 10), but she has not filed one as of the date of this report and recommendation.

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b)(1)(B), (C). After careful consideration of the filings and attachments presented by the parties, it is the opinion of the undersigned that the habeas petition should be denied.

I.   BACKGROUND AND PROCEDURAL HISTORY

Perez-Leon pleaded guilty in the United States District Court for the Northern District of Texas, Case No. 4:09cr00133, to possession with intent to distribute more than 50 grams of methamphetamine (*see* ECF No. 1-1 at 1). *See United States v. Perez-Leon*, Case No. 4:09cr00133, Plea Agreement, ECF No. 39 (N.D. Tex. Dec. 18, 2009). On April 12, 2010, the district court adjudicated Perez-Leon guilty and sentenced her to 327 months in prison followed by a term of 4 years of supervised release (*see id.*). *See United States v. Perez-Leon*, Case No. 4:09cr00133, Judgment, ECF No. 70 (N.D. Tex. Apr. 12, 2010).

In the instant § 2241 petition, Perez-Leon challenges Warden Strong's denial of her request for a referral for placement on home confinement under the Coronavirus Aid, Relief, and Economic Security (CARES) Act (*see* ECF No. 1 at 3–4; ECF No. 1-1 at 1–3; ECF No. 5). Perez-Leon claims that the Warden's decision was based upon her national origin/race, in violation of the Equal Protection Clause of the Fourteenth Amendment and in violation of the BOP's policy prohibiting discrimination against inmates on the basis of national origin, set forth in 28 C.F.R. § 551.90 (ECF No. 1 at 3–4; ECF No. 1-1 at 1–3). Perez-Leon also claims that the Warden's decision constitutes deliberate indifference to her health and safety, in violation of the Eighth Amendment, due to her potential exposure to COVID-19

(ECF No. 1 at 3; ECF No. 1-1 at 2). Perez-Leon requests that the court require Warden Strong to place her on home confinement or release her to the custody of U.S. Immigration and Customs Enforcement (ICE) (ECF No. 1-1 at 1–3).

Warden Strong contends the habeas petition should be denied for two reasons: (1) Perez-Leon failed to exhaust her administrative remedies prior to fling her § 2241 petition; and (2) Warden Strong did not abuse her discretion by denying Perez-Leon's request for a referral to home confinement pursuant to the CARES Act, because Perez-Leon has a detainer lodged against her (ECF No. 9 at 3–10).

II.   DISCUSSION

   A.   **Perez-Leon Failed to Exhaust Her Administrative Remedies**

A petitioner seeking relief under § 2241 must first exhaust available administrative remedies. *See Santiago–Lugo v. Warden*, 785 F.3d 467, 474–75 (11th Cir. 2015). To properly exhaust administrative remedies, a petitioner must comply with the applicable agency's deadlines and procedural rules. *See Woodford v. Ngo*, 548 U.S. 81, 90–91 (2006) (addressing the exhaustion requirement in the Prison Litigation Reform Act).

The Federal Bureau of Prisons (BOP) provides an internal grievance procedure for its inmates (*see* Decl. of Deborah Colon, Administrative Remedy Coordinator at FCI-Tallahassee, ¶¶ 5–6, ECF No. 9-2). *See* 28 C.F.R. § 542.10, *et*

*seq.* A federal inmate must "first present an issue of concern informally to staff" who must "attempt to informally resolve the issue before an inmate submits a Request for Administrative Remedy." *See* 28 C.F.R. § 542.13(a). If the informal resolution procedures fail to resolve the issue, generally a prisoner must complete a three-step sequential formal process (*see* Colon Decl. ¶ 6).

As to the formal grievance procedures, an inmate first must submit a Request for Administrative Remedy on the BP-9 form to the Warden within 20 days of the incident (*see* Colon Decl. ¶ 6). *See* 28 C.F.R. § 542.14(a). If the inmate is not satisfied with the Warden's response, she may submit an appeal on the BP-10 form to the Regional Director within 20 days of the Warden's response (*see* Colon Decl. ¶ 6). *See* 28 C.F.R. § 542.15(a). If the inmate is dissatisfied with the Regional Director's response, she may submit an appeal on the BP-11 form to the General Counsel at the Central Office within 30 days of the Regional Director's response (*see* Colon Decl. ¶ 6). *See id.*

A Request or Appeal is considered filed on the date it is logged into the Administrative Remedy Index as received. *See* 28 C.F.R. § 542.18. Once filed, a response must be made by the Warden within 20 calendar days, by the Regional Director within 30 calendar days, and by the General Counsel within 40 calendar days. *Id.* Staff must respond in writing to all filed Requests and Appeals. *Id.* If the

inmate does not receive a response within the time allotted, the inmate may consider the absence of a response to be a denial at that level. *Id.*

Since July 1990, the BOP has maintained information related to administrative complaints filed by inmates under the Administrative Remedy Program in a national database called "SENTRY" (Colon Decl. ¶ 7). One of the many functions of the SENTRY database is to track administrative remedy complaints and appeals (*id.*). This system allows for a computerized search of complaints and appeals (*id.*).

Each inmate complaint is logged into SENTRY at the receiving location (Colon Decl. ¶ 8). If the complaint is an initial filing, it will be assigned a unique "Remedy ID Number" upon initial entry, which will follow the complaint throughout the appeal process (*id.*). Each "Remedy ID Number" also contains an extender that identifies the level of review (*id.*). The extension "F-_" indicates the complaint was filed at the institution level (*id.*). The extension "R-_" indicates the complaint or appeal was filed with the Regional Director (*id.*). The extension "A-_" indicates the appeal was filed with the National Inmate Appeals Section, Central Office (*id.*). The number at the end of the extension will change if the appeal is refiled due to a prior rejection at that level (*id.*).

When a remedy is rejected, notice of the rejection and the reason for the rejection is provided to the inmate, and the administrative remedy submission is mailed back to the submitting inmate (Colon Decl. ¶ 9). The rejection is logged into SENTRY using the code "REJ," indicating the remedy has been rejected (*id.*). An additional code indicating the reason(s) for the rejection or other information/instructions provided to the inmate is also logged into SENTRY (*id.*).

The automated administrative remedy records in the SENTRY database concerning each inmate are not purged and may be searched back as far as inception of the system (Colon Decl. ¶ 10). Indexes must be maintained in computer accessible form for twenty (20) years and then destroyed (*id.*). Pre-SENTRY indexes are maintained at the site of creation for twenty (20) years and then destroyed (*id.*). However, the hard copies of the actual administrative remedy files are maintained for a period of three (3) years and then destroyed (*id.*).

To demonstrate exhaustion, Perez-Leon submitted a copy of an informal Inmate Request to Staff, dated January 25, 2021, which she directed to Warden Strong (*see* ECF No. 5). Perez-Leon requested that Strong consider her for a transfer to home confinement under the CARES Act, to either live with her family in the United States or be deported to her "home country" (i.e., Mexico) (*id.*). Perez-Leon asserts she never received a response to her request (*see* ECF No. 1 at 3–4).

Case No.:  4:21cv142/TKW/EMT

Warden Strong submitted evidence that Perez-Leon's administrative remedy history reveals no record of her ever having filed an administrative remedy while in BOP custody (Colon Decl. ¶ 11). Warden Strong submitted a true and accurate partially redacted printout showing Perez-Leon's Federal Register Number and the lack of any information for the SENTRY administrative remedy inquiry transaction as of June 3, 2021, evidenced by the error message at the bottom that reads: "NO REMEDY DATA EXISTS FOR THIS INMATE" (*see* Colon Decl. ¶¶ 11–12, Attach. 3, ECF No. 9-5).

Accepting Perez-Leon's allegation as true, that she submitted an informal request to Warden Strong on January 25, 2021 but received no response, Perez-Leon could have, and should have, considered the absence of a response to be a denial at that level and moved on to the next level of the administrative remedy process. *See* 28 C.F.R. § 542.18. Perez-Leon did not do so; therefore, her petition is subject to dismissal for failure to exhaust administrative remedies.

### B. The Court Is Not Authorized to Grant the Relief Perez-Leon Seeks

Notwithstanding Perez-Leon's failure to exhaust her administrative remedies, her habeas petition should be denied because the court is not authorized to grant the relief she seeks.

The BOP has independent authority "to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months." 18 U.S.C. § 3624(c)(2). As a result of the COVID-19 pandemic, the CARES Act was passed and permits the BOP to "lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement" under 18 U.S.C. § 3624(c)(2), as it deems appropriate. CARES Act, Pub. L. 116-136, Div. B, Title II, § 12003(b)(2).

Neither § 3624(c)(2) nor the CARES Act expressly provide the judiciary with authority to grant an inmate home confinement in these circumstances. *See Touizer v. U.S. Att'y Gen.*, No. 21-10761, 2021 WL 3859618, at *2 (11th Cir. Aug. 27, 2021) (citing 18 U.S.C. § 3624(c)(2) and CARES Act, § 12003(b)(2)). Indeed, the BOP alone "shall designate the place of the prisoner's imprisonment," and such "a designation of a place of imprisonment . . . is not reviewable by any court." 18 U.S.C. § 3621(b); 18 U.S.C. § 3624(c)(4) (stating that nothing in this statute "shall be construed to limit or restrict the authority of the Director of the Bureau of Prisons under section 3621"); *accord Tapia v. United States*, 564 U.S. 319, 331 (2011); *Touizer*, 2021 WL 3829618, at *2. A district court may only recommend a new placement, but it may not order it. *See* 18 U.S.C. § 3621(b)(4)(B); *Tapia*, 564 U.S. at 331 ("A sentencing court can recommend that the BOP place an offender in a

particular facility or program . . . [b]ut decision making authority rests with the BOP."); *Touizer*, 2021 WL 3829618, at *2.

The Supreme Court has recognized that "[a]fter a district court sentences a federal offender, the Attorney General, through BOP, has the responsibility for administering the sentence." *United States v. Wilson*, 503 U.S. 329, 335 (1992). Further, the Supreme Court "has afforded considerable deference to the determinations of prison administrators who, in the interest of security, regulate the relations between prisoners and the outside world." *Thornburgh v. Abbott*, 490 U.S. 401, 408 (1989).

With these principles in mind, the Eleventh Circuit recently concluded that the district court properly dismissed a petitioner's § 2241 petition because the district court lacked the authority to grant the relief he requested—i.e., ordering the BOP to release him to home confinement. *Touizer*, 2021 WL 3829618, at *2–3 (holding that the district court properly dismissed petitioner's § 2241 petition seeking immediate release to home confinement, because district court did not have authority to grant the requested relief, and declining to address petitioner's remaining arguments, including petitioner's claim that his continued confinement in a BOP facility during the pandemic violated his Eighth Amendment rights).

Additionally, Perez-Leon offers no authority for the proposition that the court is authorized to transfer an inmate from BOP custody to ICE custody under the CARES Act or the federal habeas statute. *See United States v. Garcia*, No. 3:15-CR-0194-B, 2021 WL 347574, at *3 (N.D. Tex. Feb. 2, 2021) (denying BOP inmate's request for transfer from BOP custody to ICE custody because petitioner failed to satisfy the court that it had the power to order such a transfer of custody); *United States v. Reyes-De La Rosa*, No. 5:18-CR-55, 2020 WL 3799523, at *3 (S.D. Tex. July 7, 2020) (noting that the CARES Act does not authorize earlier termination of a custodial sentence and release to an ICE facility pending removal to a foreign country, but compassionate release under 18 U.S.C. § 3582(c) is an appropriate vehicle for such relief).[1]

### III. CONCLUSION

Perez-Leon failed to exhaust her administrative remedies. Additionally, the court lacks authority to grant the relief she seeks in this habeas action—namely, an

---

[1] According to the docket in Perez-Leon's criminal case, she filed a motion for compassionate release, pursuant to 18 U.S.C. § 3582(c), one month prior to commencing this habeas case. *See Perez-Leon*, No. 4:09-cr-00133, Motion to Reduce Sentence re: First Step Act, ECF No. 140 (N.D. Tex. Feb. 18, 2021). Perez-Leon acknowledged that her ICE detainer precluded her from placement on home confinement under the CARES Act. *Id.* She cited the conditions of her confinement at FCI-Tallahassee, including the risk of exposure to COVID-19, as one of the "extraordinary and compelling" grounds for granting compassionate release. *Id.* The court denied Perez-Leon's § 3582(c) motion on February 22, 2021. *See Perez-Leon*, No. 4:09-cr-00133, Order (N.D. Tex. Feb. 22, 2021).

order directing the BOP to release her to home confinement or to ICE custody. Therefore, the habeas petition should be denied.

Accordingly, it is respectfully **RECOMMENDED**:

1. That the petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (ECF No. 1) be **DENIED**.

2. That the clerk of court be directed to enter judgment accordingly and close this case.

At Pensacola, Florida this 30th day of August 2021.

/s/ Elizabeth M. Timothy
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.** A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No.:  4:21cv142/TKW/EMT